**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. 3:08-CR-00075 |
| v. | : | |
| DAVID BAKER | : | (JUDGE CAPUTO) |
| Defendant. | : | |

**MEMORANDUM**

Presently before the Court is Defendant David Baker's pre-trial motion to compel discovery pursuant to Fed. R. Crim. P. 16(a)(1)(E) and for a bill of particulars pursuant to Fed. R. Crim. P. 7(f). (Doc. 35.)

Defendant is alleged to have engaged in various federal violations while acting as the executive director of the Scranton Housing Authority ("SHA"). Defendant is charged with obstruction of a federal audit in violation of 18 U.S.C. § 1516 (Count 1), four (4) counts of influencing or injuring an officer or juror in violation of 18 U.S.C. § 1503 (Counts 2-5), seven (7) counts of knowingly and willfully making or using false documents knowing that the documents contained false or fraudulent material and possession of false papers to defraud the United States in violation of 18 U.S.C. §§ 1001-02 (Counts 6-12), theft or bribery concerning programs receiving Federal funds in violation of 18 U.S.C. §666(a) (Count 13), and wire, radio or television fraud in violation of 18 U.S.C. § 1343 (Count 14). (Doc. 10.)

Defendant's motion to compel discovery will be denied as moot and the motion for a bill of particulars will be denied because the remaining requests made by Defendant are outside the appropriate scope for a bill of particulars.

**DISCUSSION**

**I.      Motion to Compel Discovery**

There is no broad right to discovery in criminal cases. *United States v. Ramos*, 27 F.3d 65, 67-68 (3d Cir. 1994). In contrast to the wide-ranging discovery permitted under the Federal Rules of Civil Procedure, discovery in criminal cases is narrowly delineated by Rule 16 of the Federal Rules of Criminal Procedure, with some additional material being discoverable under the Jencks Act, *Brady*, and the Due Process Clause of the United States Constitution. *See id.* at 68.

Under Rule 16(a)(1)(E), the government must permit the defendant to inspect and copy books, papers, documents, data, photographs, tangible objects, buildings or places if the item is within the government's possession, custody or control and 1) the item is material to preparing the defense, 2) the government intends to use the item in its case-in-chief, or 3) the item was obtained from or belongs to the defendant. In Defendant's Memorandum of Law, he states that the government has offered for the defendant, "'his investigators and his attorneys to examine the United States' records and identify them, at which time copies will made (sic) and turned over to Baker.'" (Doc. 38.) Defendant has suggested that he "is willing to accept the Government's offer, and attempt to resolve this dispute in this fashion." As such, the motion to compel discovery is moot as the Defendant has agreed to resolve the discovery issues raised in his pre-trial motion in the manner described above.

**II.     Bill of Particulars**

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the trial court may direct the filing of a bill of particulars. The decision to grant a bill of particulars lies within the

discretion of the trial court. *See United States v. Armocida,* 515 F.2d 49, 54 (3d Cir. 1975), *cert. denied* 423 U.S. 858, 96 S.Ct. 111 (1975). The Third Circuit has explained that "[t]he purpose of a bill of particulars is 'to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense.'" *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005) (quoting *United States v. Addonizio*, 451 F.2d 49, 63-64 (3d Cir. 1972)).

Although the Federal Rules of Criminal Procedure have been amended in order to "encourage a more liberal attitude by the courts toward bills of particulars," *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989) (quoting Fed. R. Crim. P. advisory cmte. notes to 1966 amendments), as a practical matter, when deciding whether to direct the government to file a bill of particulars the Court must assess whether the indictment fails "to provide factual or legal information," and whether that failure "significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." *Rosa*, 891 F.2d at 1066.

A bill of particulars is also designed to limit and define the government's case. *See United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985*).* "As with an indictment, there can be no variance between the notice given in a bill of particulars and the evidence at trial." *Id*. Thus, the court must balance the defendant's need to know evidentiary-type facts in order to adequately prepare a defense with the government's need to avoid prematurely disclosing evidentiary matters to the extent that it will be unduly confined in presenting its evidence at trial. *See United States v. Deerfield Specialty Papers, Inc.,* 501 F. Supp. 796, 809 (E.D. Pa.

3

1980). The defendant is not entitled to wholesale discovery of the government's evidence, nor to a list of the government's prospective witnesses. *Addonizio,* 451 F.2d at 64. Nor is a bill of particulars a vehicle to compel disclosure of the details of the government's theory of the case. *United States v. Tedesco*, 441 F. Supp. 1336, 1343 (M.D. Pa. 1977).

The Third Circuit has emphasized that the need for a bill of particulars is obviated in cases where the Government supplements a detailed charging document with substantial discovery, *Urban*, 404 F.3d at 772, and that bills of particulars are "not intended to provide the defendant with the fruits of the government investigation." *Smith*, 776 F.2d at 1111 (citations omitted). Instead, unlike discovery, a bill of particulars is intended to give the defendant only "that minimum amount of information necessary to permit the defendant to conduct his *own* investigation," and not to provide the defendant with the fruit of the government's investigation. *Id.* (emphasis in original).

In the instant case, the Defendant's motion for a bill of particulars includes sixteen (16) specific requests. The government filed a response to this motion in which it answered all of the requests by either providing the information sought by Defendant or contending that the information sought is beyond the scope of a bill of particulars. Thus, the government has obviated the need to for a bill of particulars by providing substantial discovery for the requests that it has answered in its response. As such, this Court will only discuss the remaining requests that the government argues are beyond the scope of a bill of particulars.

### A. Request 1: Count One, Paragraph Three of the Indictment

The remaining sub-request here is Defendant's attempt to have the government produce the name of any SHA employees whose rights to petition for redress of grievances

with the U.S. Department of Housing and Urban Development were violated when the Defendant retaliated against them. The government argues that this is beyond the scope of the bill of particulars.

The Court finds the government's argument persuasive. Allowing Defendant a list of all the employees who are envisioned in the allegations of the indictment would come dangerously close to providing Defendant with a list of prospective government witnesses. Furthermore, there is a discrete number of employees in the SHA, and an even smaller number of employees who could fit within the allegations of Count 1, Paragraph 3. Through investigation with his attorney, Defendant should be able to uncover the SHA employees and conduct his own investigation. As such, the indictment has properly provided Defendant with the factual and legal information necessary to mount an effective defense and he is sufficiently apprised of the allegations against him such that he will be able to avoid surprise at trial.

### B. Request 3: Count One, Paragraph Five of the Indictment

In his motion for a bill of particulars, Defendant seeks to have the government specify how the Defendant concealed information and facts from auditors and investigators and identify the violations caused by or attributed to Defendant through his violation of the federally-mandated waiting list requirement for federally-funded public housing.

Requiring the government to divulge this information would cause the government to unnecessarily provide Defendant with the details of its theory of the case. Precisely how the Defendant committed the crimes alleged in the indictment goes to the heart of the theory of the government's case-in-chief. Again, the indictment sufficiently apprises Defendant of the factual and legal predicates underlying the crimes charged such that he can provide for an

5

adequate defense and will not be prejudicially surprised.

### C. Request 4: Count One, Paragraph Six of the Indictment

In this request, Defendant asks the government to identify the friends, relatives and associates who were allowed to bypass the federally-mandated waiting list and specify how the waiting list and system eligibility requirements were bypassed or ignored. The government contends that both of these requests are beyond the scope of a bill of particulars.

With regard to the request for identities, divulging the friends, relatives and associates raise many of the same concerns as listing the SHA employees in Request 1. Forcing the government to give up this information would cross the line into providing Defendant with the government's witness list, which is beyond the scope of a bill of particulars. Like the SHA employees, there are finite number of friends, relatives and associates who could possibly have been the beneficiaries of any list-jumping engaged in by Defendant. Through investigation and review of the documents in the government's possession, Defendant will have an opportunity to avoid prejudicial surprise by divining the parties who allegedly received improper benefits.

With regard to the Defendant's request for the specific ways in which the list was ignored or bypassed, this Court again holds that such disclosure would impermissibly impinge on the government's theory of the case. The government's response points Defendant to paragraph 8(b) of the Introduction in the indictment which states that "the HUD-mandated waiting list and local preference systems eligibility requirements were ignored when it came to placing individuals in desirable housing locations." This is sufficiently specific to allow the Defendant to mount a defense and avoid surprise at trial.

### D. Request 5: Count One, Paragraph Seven of the Indictment

The only sub-requests that the government contends are beyond the scope of a bill of particulars is the Defendant's attempt to obtain the identities of SHA employees who were directed by Defendant to furnish false information from auditors and "those facts which the [g]overnment will introduce at trial to prove Defendant 'retaliated' against the auditor who cooperated with federal investigators."

For the reasons discussed above, requiring the government to furnish Defendant with the names of specific SHA employees would likely force the government to turn over their witness list and is not necessary to prevent prejudicial surprise given the finite number of individuals contained in the class of SHA employees at issue. As for the Defendant's request for the government to divulge the facts it plans to introduce at trial, such a request goes into the details of the government's theory and is therefore beyond the permissible scope for a bill of particulars.

### E. Request 6: Count 1, Paragraph 8 of the Indictment

In this request, Defendant seeks the identity of SHA employees who were demoted, transferred, had overtime withheld, had work taken away, or were threatened or intimidated and the specific acts of intimidation, specific work or overtime withheld, demotion or transfer performed by Defendant. For all the reasons outlined in detail above, the identities of the SHA employees is beyond the scope of the bill or particulars given the concerns about requiring the government to disclose its witness list. Also, the specific acts go to the government's theory of the case, and also are outside the scope of the bill of particulars.

### F. Request 7: Count 2, Paragraph 2 of the Indictment

This request asks the government to identify any SHA employee retaliated against by Defendant and the specific acts of retaliation. As already discussed, such a request is outside the scope of a bill or particulars for the reasons outlined above.

### G. Request 8 Count 3, Paragraph 2 of the Indictment

Here, Defendant seeks to have the government spell out the specific retaliation allegedly threatened by Defendant against the auditor and how the federal grand jury investigation in the Middle District of Pennsylvania concerning the underlying matter was corruptly influenced, obstructed or impeded.

Requiring the government to provide the Defendant with factual information that is this specific would delve too far into the minute details of the government's theory of the case. The Defendant is not entitled to such information. This information is sufficiently alleged in the indictment. As noted earlier, a bill of particulars is only necessary in situations where the indictment fails to provide factual or legal information. In this case, the indictment sufficiently provided this information and was bolstered by the government's response to the motion for a Bill of Particulars, which provided the Defendant with all the additional information sought that was within the proper scope of the motion. Anything further, including the specific evidence that the government plans to use at trial would infringe on the government's theory of the case and is beyond the proper scope for a bill of particulars.

### H. Request 9 Counts 4 and 5 of the Indictment

The only remaining unanswered request here is the Defendant's request to identify the SHA employees who were ordered by Defendant to sign false certification of compliance

letters sent to the firm conducting the independent audit of the SHA. For the reasons discussed above, requesting the identity of these specific SHA employees is outside the scope of a bill of particulars.

    **I.**    **Request 10 Count 6, Paragraph 2 of the Indictment**

The sole surviving issue that was not answered in the government's response is Defendant's request that the government identify how Defendant caused financial statement or audits to be certified by HUD. This type of specific causal question cuts to the core of the government's theory of the case, like many of the requests discussed above. This would require a level of detail regarding the government's theory that is outside the scope of the instant motion. As it stands, the government has provided sufficient factual and legal information in the indictment such that a bill or particulars in unnecessary and improper with regards to this request.

    **J.**    **Request 11: Counts Seven, Eight and Nine of the Indictment**

Regarding Counts seven through nine of the indictment, Defendant seeks to have the government identify the federal auditor at issue and "those facts which the Government will introduce at trial to prove Defendant 'was aware that he was under federal investigation for alleged acts of fraud' during May 2006, February 2007, and August 2007."

First, in the response to the instant motion, the government has provided the Defendant with the identity of the auditing firm, Jones and Kohanski, employed by the government in this case. To require the government to provide the specific auditor's identity would push this request into an improper request for the government's witness list. By providing the Defendant with the firm's name, the government has given the Defendant

9

sufficient information to conduct his own investigation such that he can put on an adequate defense and avoid prejudicial surprise. Anything further is, therefore, outside the scope of a bill of particulars.

Also, identifying the specific facts that the government plans to use at trial would require the government to provide Defendant with its trial strategy and theory of the case, neither of which is proper for a bill of particulars. Defendant is aware of the time frame during which he is alleged to have been aware he was under federal investigation and can focus his investigation on these time periods. As such, the indictment has provided him with sufficient legal and factual information and a bill of particulars is unnecessary and the information sought would be outside the scope of any such bill.

### K.     Request 13: Count Nine, Paragraph Two of the Indictment

In this request, Defendant seeks the identity of SHA employees who cooperated with federal investigators, filed a grievance with the local union, were demoted, were transferred, had overtime withheld, were threatened, or had work withheld. These requests are almost identical to the ones in Request 6, which we held were outside the scope of a bill of particulars. As such, this request raises the same concerns regarding disclosure of the government's witness list and is also beyond the scope of a bill of particulars.

### L.     Request 14: Count Eleven, Paragraph Two of the Indictment

Here, Defendant seeks the identity of the federal auditor and disclosure of how Defendant was aware of or knew of actual fraud, suspected fraud, or allegations of fraud involving the SHA. This request is substantially the same as Request 11 and the reasoning in that section applies with equal force here. As such, this request is also outside the scope

of a bill of particulars.

### M. Request 15: Counts Twelve and Thirteen of the Indictment

Defendant also seeks to have the government identify how the Defendant made, used, or caused false documents. Such a request requires to government to provide the Defendant with information not just of the crimes he is charged with and their underlying factual predicates, which is all that is required in the indictment, but with how the government plans on proving its theory of these crimes at trial. As noted earlier, details regarding the government's theory of the case are not within the scope of a bill of particulars and, therefore, this request is also outside said scope.

### N. Request 16: Counts Fourteen, Fifteen and Sixteen of the Indictment

Again, Defendant seeks to have the government identify specific acts perpetrated by Defendant to cause or facilitate a scheme or artifice and/or acts whereby Defendant intended to devise a scheme or artifice. These requests echo many of the other requests previously discussed in this opinion. Requiring the government to name these acts with such specificity would upset the balance between the government's need to not disclose its theory of the case and the Defendant's need to be able to investigate the charges against him and levy an adequate defense against those charges. The requests made here would be on a level specific enough to require the government to provide Defendant with the details of its theory of the case, thereby putting the requests outside the scope of a bill or particulars.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion will be denied. An appropriate order follows.


| March 15, 2010 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. 3:08-CR-00075 |
| v. | : | |
| DAVID BAKER | : | (JUDGE CAPUTO) |
| Defendant. | : | |

## **ORDER**

**NOW,** this  15th  of March, 2010, it is **HEREBY ORDERED THAT** Defendant's Motion to Compel Discovery and for a Bill of Particulars is **DENIED.**

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge